Henry Epstein, J.
Motion for a temporary injunction, cross motion to dismiss the complaint on the grounds that the court has no jurisdiction of the subject matter, and that the complaint fails to state facts sufficient to constitute a cause of action.
A gist of the background of this action shows that section 222 of the Communications Act of 1934 (U. S. Code, tit. 47, § 222) was enacted to cover mergers of telegraph carriers. The defendant company was permitted to merge in 1943 in accordance with this statute which contained a provision that the merged companies would exercise due diligence in bringing about the divestment of its international telegraph operations carried on by it, as promptly as it reasonably can, after the consideration for the property to be divested is found by the commission to be commensurate with its value, and as soon as the legal obligations, if any, of the carrier to be so divested will permit.
On or about September 15, 1960, Western Union entered into an agreement with American Securities Corporation under the terms of which Western Union is to form a new corporation called “Western Union International” and transfer the cable system to International under the conditions set forth in the agreement.
*488 Said agreement has been presented to the commission in compliance with section 222 (snbd. [a], par. [2]) of the Communications Act, and hearings are presently being held in accordance therewith.
It is this agreement which is the subject matter of the instant action which seeks to permanently enjoin the defendants from continuing to present the agreement, entered into between the Western Union and American Securities on September 15, 1960, to the Federal Communications Commission for its approval as a plan of divestment; from proceeding with the hearings now taking place before the commission in connection with said plan; from effectuating any of the terms of the said agreement; for affirmative relief as prayed for; all upon the grounds that it is an improvident contract and a waste of corporate funds.
Plaintiff concedes that the commission must see that its order of divestment is carried out and that such divestment can take place only after it finds that the consideration for the property to be divested is commensurate with its value.
Nevertheless, plaintiff urges that the commission is not given exclusive jurisdiction to determine whether such consideration is commensurate with the value of the property, in connection with proceedings not brought pursuant to section 222 of the Communications Act, nor seeking relief thereunder.
Although State courts are not deprived of jurisdiction to hear and decide all other property rights or disputes of a private or personal nature between themselves, yet where there is also a public interest and the obligation is placed upon a particular commission under the statute, with sole right to determine that the consideration for the property to be divested is commensurate with its value, the courts have no jurisdiction of the subject matter.
The parties to the merger agreed to the condition imposed by such merger and the stockholders consented to such merger.
Section 222 of the Communications Act was passed to protect the public as well as the private interests. Stockholders are protected, as parties aggrieved, under section 1.104 of title 47 of the Code of Federal Regulations by the right to intervene in the proceedings before the commission and to appeal from any decision thereunder (Communications Act, § 402).
To hold that this court has jurisdiction under the facts and circumstances related would place the defendants in the anomalous position of disobeying the order of this court or the order of the Federal Communications Commission if the final determinations were in conflict.
*489 Acts of defendant which the plaintiff complains of may be cause for damages at law but should not defer the accomplishment of a divestment ultimately required to be done, and which divestment has not been accomplished in over 16 years.
The cross motion is therefore granted and the complaint dismissed for lack of jurisdiction of the subject matter. In any event, were this court to uphold jurisdiction, a temporary injunction would not be granted. The plaintiff has the right to intervene in the proceeding before the commission. There is no showing of irreparable injury or loss to the plaintiff if the agreement is put into effect, while, on the other hand, there is evidence of considerable damage to defendants if they are restrained. And this is especially so in view of the long duration in trying to divest itself of its international telegraph operations, an operation which is peculiar in itself and subject to certain limitations as to sale not ordinarily found in the general routine of bargain and sale of a service or commodity.